IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BAILEY ARNOLD                                                                    PLAINTIFF

V.                                         NO. 12-5092

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Bailey Arnold, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed her application for SSI on June 16, 2009, alleging an inability to work since January 26, 2009, due to anger issues, panic attacks, anxiety, headaches, insomnia, depression, back pain, neck pain, and knee pain. (Tr. 130-132,152). An administrative hearing was held on September 16, 2010, at which Plaintiff appeared with her friend and testified. (Tr. 27-73).

By written decision dated December 7, 2010, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - degenerative disc disease of the

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

-1-

lumbar spine, bipolar disorder/depressive disorder, NOS, and personality disorder, NOS. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) with the following limitations: the work should require only occasional climbing, balancing, stooping, kneeling, crouching and crawling; the work should be where interpersonal contact is incidental to the work performed; the work should be where complexity of tasks is learned and performed by rote with few variables and little judgment required; and the work should be where the supervision required is simple, direct and concrete.

(Tr. 14). With the help of the vocational expert (VE), the ALJ determined that Plaintiff had no past relevant work, and that there were jobs Plaintiff could perform, such as production worker-bench assembler; maid/housecleaner - laundry worker; and packer-hand packager. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on April 2, 2012. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled

an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ erred in his RFC assessment; and 2) the ALJ erred in his credibility findings. (Doc. 8).

#### A. RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In this case, the ALJ found that Plaintiff had the RFC to perform light work with certain limitations. In making this finding, the ALJ discussed the medical records regarding Plaintiff's physical and mental impairments, as well as Plaintiff's description of her limitations. He noted that with respect to Plaintiff's back pain, she had not required any aggressive medical treatment, such as ongoing physical therapy, epidural steroid injections or regular pain management services, or required surgical intervention or frequent emergency room care/hospital confinement for her degenerative disc disease of the lumbar spine. (Tr. 15). The record also reflects that in 2003, Plaintiff was prescribed physical therapy, and, although she reported decreased overall low back pain after the initial session, it was discontinued because she did not show up for her following appointment. (Tr. 242-244).

A General Physical Examination conducted on July 15, 2009, by Dr. Randy Duane Conover, revealed some amount of muscle weakness, but no muscle atrophy, and some limited range of motion in her spine, and no muscle atrophy. (Tr. 295-296). Dr. Conover concluded that Plaintiff could walk, sit, lift, carry, handle, finger, see, hear and speak, and had mild limitation in her ability to stand, which might be hindered secondary to his diagnosis, which was:

>   1. Bipolar
>   2. c/o back, neck pain
>   3. c/o fatigue
>   4. c/o hallucination.

(Tr. 297).

On August 1, 2009, a Physical RFC Assessment was completed by non-examining consultant, Dr. Bill F. Payne. (Tr. 300-307). Dr. Payne found Plaintiff capable of performing medium work. (Tr. 301, 307).

The Court finds that the ALJ's RFC, which only found Plaintiff capable of light work rather than medium work, and limited Plaintiff's climbing, balancing, stooping, kneeling, crouching and crawling, takes into account Plaintiff's physical impairments.

Regarding Plaintiff's mental impairments, the ALJ discussed in detail all of the medical records involving Plaintiff's mental impairments. He addressed Dr. Terry L. Efird's report, Dr. Hugh G. Donnell's report, and Plaintiff's daily activities, noting that Plaintiff had never been hospitalized on an inpatient basis for a mental impairment, nor had she ever participated in a partial hospitalization program. (Tr. 17). It is also noteworthy that Dr. Efird reported that given Plaintiff's style of presentation, symptom exaggeration appeared to be reasonably probable. (Tr. 313). Also significant is the fact that Plaintiff was very erratic in taking her prescribed medication, Lexapro, which she indicated improved her depression. The record indicates that on numerous occasions, Plaintiff reported that the Lexapro helped her considerably. (Tr.38-39, 58, 65, 170, 263-264, 288, 310, 348, 362). "Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits." Brown v. Barnhart, 390 F.3d 535, 540-541 (8th Cir. 2004)(citations omitted). Although Plaintiff contends that she could not afford the medication, the record indicates that Plaintiff continued to smoke cigarettes, even after being strongly urged to quit, and she was therefore somehow able to afford cigarettes.

The ALJ gave diminished weight to the opinions of the sources associated with Ozark Guidance, Inc., as well as Dr. Efird, insofar as they suggest an inability to perform any work activity, and gave some weight to the State agency medical consultant. The Court finds that based upon the record as a whole, the ALJ gave the various opinions appropriate weight, and that

there is substantial evidence to support the ALJ's RFC assessment.

### B. Credibility Findings:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements, as well as those of her sister and friend, concerning the intensity, persistence and limiting effects of these symptoms, were not credible to the extent they were inconsistent with the ALJ's RFC assessment. (Tr. 18).

The ALJ considered Plaintiff's many daily activities. Such activities included caring for her own personal needs, the needs of two young children, driving, watching television, handling finances, grocery shopping once a month, cooking for her children, performing household chores such as cleaning bathrooms and doing laundry, vacuuming, dusting, sweeping, mopping, sweeping the sidewalk and reading to her children. (Tr. 171-174, 181, ). The ALJ also noted that when taking Lexapro, Plaintiff's mental health was significantly improved. The Court

recognizes Plaintiff reported worsening conditions in her disability reports, to the point that she "cannot move at all and must lay down completely straight." (Tr. 198, 210). However, at the hearing, she testified that she cooked for the children and cleaned the house - "light stuff." (Tr. 47). She also testified that she went to the community clinic once a month to twice a month. (Tr. 57).

The Court also notes that there are some inconsistencies in Plaintiff's statements. She reported and testified that she did not complete the ninth grade (Tr. 31-32, 158), but apparently reported to Ozark Guidance, Inc., that she was kicked out of school for being intimidating, went to an alternative school for a year and a half, but didn't get her credits, so she dropped out. "Eleventh grade." (Tr. 345). The next entry indicated highest grade completed - "tenth." (Tr. 347).  Furthermore, the fact that Dr. Efird felt that symptom exaggeration appeared to be reasonably probable also supports the ALJ's questioning Plaintiff's credibility.

Based upon the foregoing, as well as for those reasons given in Defendant's well stated brief, the Court finds there is substantial evidence to support the ALJ's credibility findings.

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 12th day of August, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE